## The Psychological Limitations of Opining Sexual Dangeroussness (Exhibit 9)

**Sexual Dangerousness:  A legal term that seems to cause behavior**

It is highly misleading to talk about the diagnoses—and even more so, to talk about legal terms—as sources or causes of behavior.  They *are* behavior.  What causes the particular constellation of behaviors and reports of feeling states that we call "depression" can't be "depression."  No phenomenon (other than God) has ever been proposed as its own cause.  As the American Psychiatric Association (author and publisher of the *Diagnostic and Statistical Manual of Mental Disorders*) put it:

> [P]sychiatric predictions of violent conduct unduly facilitate a jury's finding of future dangerousness by providing a clinical explanation of what is, at best, only an assessment of statistical probabilities.  A medical diagnosis of antisocial personality disorder is in essence a descriptive label for past aberrant behavior of a particular type. When stated to a jury, however, the term . . .  "antisocial personality disorder" . . . conveys the erroneous impression of an endogenous disorder which bears a cause-and-effect relationship to similar, future behavior. Medical opinions in this area thus offer a jury a seductively facile—but wholly unfounded—explanation as to why a particular individual having the statistical "symptoms" of a recidivist will in fact be a recidivist.[1]

**Legal Terms vs. Diagnoses:  The meaning of "sexual dangerousness"**

Unlike a finding of sexual dangerousness—which is, in large part, a *prediction* that an offender *will* commit a new offense—a finding of not-sexually dangerous is *not a prediction* that an offender *will not* commit a new offense.  Confusion about this results from conflating *clinical diagnoses* with a *legally defined term* that sounds like a clinical illness.  "Sexual Dangerousness," is not a mental disorder or condition; it is a legal term.  One can not have "sexual dangerousness" like one can have "chicken pox."  Therefore, it is not meaningful to reify the term and consider it a condition within the patient.

Qualified Examiners can use diagnoses of conditions that exist within the patient—aspects of the patient's personality, characteristic ways of coping, ways of organizing one's experience of the world, etc.—to predict behavior, that is, to ascertain whether such behavior is *likely*.  Leaving aside the fact that such clinical predictions have poor reliability and poor validity, the determination of *the likelihood of a future offense* can be a prediction of behavior based, in part, on diagnoses and an understanding of what goes on within a patient's psyche, but certainly should not be treated as something that itself exists within the patient. Thus, unlike medical tests for infections or conditions and diagnoses, when an expert says that a man is not sexually dangerous, he is not saying that a "condition" doesn't exist; he is not

---

[1] *Amicus* Brief for the American Psychiatric Association at 13, Barefoot v. Estelle, 463 U.S. (1983) (No. 82-6080).

claiming that the man is free of an illness called sexual dangerousness and thus poses little or no risk.

Thus, when an expert says there is no basis upon which to conclude with reasonable scientific or professional certainty that a man is sexually dangerous, he is not saying the individual is free of a "disorder" called "sexual dangerousness," and is therefore *unlikely* to commit a new offense.  As the American Psychiatric Association put it:

> Because most psychiatrists do not believe that they possess the expertise to make long-term predictions of dangerousness, they cannot dispute the conclusions of the few who do. Instead of offering a countervailing prediction of nondangerousness in a particular case, they (or defense counsel on cross-examination) can only advance a challenge to the asserted "expertise" of the prosecution psychiatrist. The likely result, therefore, is that the jury will hear not the traditional battle of expert conclusions, but only a dispute over one expert's ability to reach the conclusion that he did.[2]

This cripples the defense who has to face experts who say their client is dangerous using experts who refuse to say their client is not dangerous and typically will only say there is no foundation for an opinion that he is dangerous.  Indeed, we would need the same foundation—the same ability to accurately predict long term behavior using clinical judgment—in order to use clinical judgment to say that the offender is unlikely to reoffend.

However, despite this problem, in many cases the defense expert can firmly declare that the offender is *not sexually dangerous*.  How can this be?  To answer this, we need to keep in mind the fact that "sexually dangerous" is not a psychological term; the court does *not* turn to the expert for help in understanding what "sexually dangerous" means; the court wants to know whether there is a professional or scientific basis with a high degree of certainty/validity to apply the term *defined by the legislature* and *interpreted by the court* to a particular offender.  In fact, I have frequently not been allowed to testify as to its meaning because it is a legally defined term, created by the legislature and interpreted by the courts.  I note this because legal terms have implicit aspects to their meaning that are not part of psychological terms.  For example, someone can be said to suffer from "depression" (a clinical term) if depression is the best (i.e., most probable, or "to a preponderance of the evidence") diagnosis.  However, a person is not "guilty" (a legal term) of an offense if they "to a preponderance of the evidence, probably" did it.

With a legally defined term, *a standard of proof* is an implicit—usually made explicit at some point by the courts—part of the definition.  In this particular case, if

> the court finds by clear and convincing evidence that the person is a sexually dangerous person, the court shall commit the person. [The] term "sexually dangerous person" means a person suffering from a serious mental illness, abnormality, or disorder, as a result of which the individual would have serious

---

[2]     *Amicus* Brief for the American Psychiatric Association at 13, Barefoot v. Estelle, 463 U.S. (1983) (No. 82-6080).

difficulty in refraining from sexually violent conduct or child molestation. (from the *Adam Walsh Act*)

Note that this term "sexually dangerous person" does not exist in psychology or psychiatry. Sexual dangerousness is a legal *finding* that can only be made when there is "clear and convincing evidence" that "a person [is] suffering from a serious mental illness, abnormality, or disorder, as a result of which the individual would have serious difficulty in refraining from sexually violent conduct or child molestation." Thus, by the very definition of this *legal* term, the meaning of "sexual dangerousness" is that a court has found that there is clear and convincing evidence that the individual suffers from a serious mental disorder that results in creating serious difficulty in refraining from sexually violent conduct or child molestation.[3]

As a legal term, if an expert opines "sexually dangerous" or "not sexually dangerous," the expert is giving an opinion on a legally defined matter (i.e., not clinically defined by either psychology or psychiatry); this is called for by the statute. Thus, when an expert opines that an offender is "not sexually dangerous," they are saying that the criteria are not met for such a conclusion, i.e., when there must be "clear and convincing evidence" that the offender meets the criteria in order to be considered SD, if it cannot be proved at that level, it is not so, e.g., innocent until proven guilty does not mean that someone who is "not guilty" has had their innocence proven. Innocence is the assumed state (does not need to be proven) and is logically equivalent to "the inability to establish guilt." In this case, if "sexual dangerousness" cannot be established to the fairly high degree of certainty based on "clear and convincing evidence," the individual is *not* SD.

"Sexual dangerousness" is a legal term that indicates that *all* of the following five conditions are present:

1. the respondent has engaged in sexual misconduct, *and*

2. has a serious mental illness, abnormality, or disorder, *and*

3. there is reason to believe that the abnormality/disorder has an influence on future behavior, *and*

4. the influence must be of the type that creates a serious difficulty in controlling sexual behavior creating a significant risk of sexually violent conduct or child molestation, *and*

5. we must have evidence and reasoning to establish all of the above to a high enough level of certainty that a reasonable person could conclude that they had been established by "clear and convincing evidence."

---

[3]      We also know from the *Crane* decision that the "serious difficulty in refraining from . . ." can also be construed to mean that, due to the mental disorder, the offender has a serious difficulty in controlling behavior . *Kansas v. Crane*, 534 U.S. 407  (2002).

If any of these five factors is missing or if any of the first four factors cannot be established by clear and convincing evidence, the person is *not* sexually dangerous. Thus, "sexually dangerous" means we have established *all of these*. "Not sexually dangerous" does *not* mean the opposite (i.e., that we are certain that the person is unlikely to commit a new sexual offense); it simply means that at any one of the five elements cannot be established.